IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GABRIEL ROSS**  **PLAINTIFF**

**v.**  **CIVIL NO. 1:22-cv-00305-HSO-BWR**

**JESSICA SEALS**  **DEFENDANT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After considering the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

### I. BACKGROUND

On November 2, 2022, pro se Plaintiff Gabriel Ross filed this civil action challenging the conditions of his confinement under 42 U.S.C. § 1983. Compl. [1] at 3. Plaintiff is housed at the Jackson County Adult Detention Center ("JCADC") in Pascagoula, Mississippi, and he names Investigator Jessica Seals as Defendant. *Id*. at 2. Plaintiff avers that Investigator Seals falsely arrested him for failing to register as a sex offender, and he requests immediate release and monetary compensation. *Id*. at 4-5. Plaintiff sought leave to proceed *in forma pauperis* ("IFP") in this case. Mot. [2].

While conducting its initial screening under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, the Court provided Plaintiff on November 28, 2022, with a packet of information about legal provisions relevant to his case. Order [3]. Plaintiff was "directed that if he . . . wants to continue with this case," to "sign the

Acknowledgment (Form PSP-3) and return it to the Clerk of Court within thirty (30) days." *Id.* at 1.  Alternatively, Plaintiff was "directed that if he . . . wants to dismiss this case," to "sign the Notice of Voluntary Dismissal (Form PSP-4) and return it to the Clerk of Court within thirty (30) days." *Id.*  Plaintiff was "warned that his . . . failure to return one or the other of the forms within thirty (30) days and his . . . failure to advise this court of a change of address . . . may result in this case being dismissed sua sponte, without prejudice, without further written notice." *Id.* at 2.  That Order [3] was mailed to Plaintiff's last-known address, and it was not returned to the Court as undeliverable.  Plaintiff did not comply with the Court's Order [3] by the thirty-day deadline.

On January 3, 2023, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's Order [3].  Order [4] at 1.  Plaintiff's responsive deadline was extended to January 17, 2023, and he was again warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." *Id.* at 1-2.  That Order, with a copy of the Court's November 28 Order, was mailed to Plaintiff at his last-known address, and it was not returned to the Court as undeliverable.  Once again, Plaintiff did not comply with the Court's Order [4] to Show Cause by the January 17 deadline.

On January 23, 2023, the Court entered a Second and Final Order to Show Cause, directing Plaintiff to "explain why this case should not be dismissed for

2

failure to comply with the Court's Order [3] [4]." Order [5] at 2. Plaintiff was directed to file a written response on or before February 6, 2023. *Id.* Plaintiff was also directed, on or before the February 6 deadline, to comply with the Court's November 28 Order [3] "by signing and returning either the Acknowledgement (Form PSP-3) or Notice of Voluntary Dismissal (Form PSP-4)." *Id.* Plaintiff was again warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . **will result** in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." *Id.* (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [3] [4]." *Id.* That Order, with copies of the Court's November 28 and January 3 Orders [3], [4], was mailed to Plaintiff at his last-known address, and it was not returned to the Court as undeliverable.

To date, Plaintiff has not responded to the Court's November 28, January 3, and January 23 Orders [3], [4], [5] or otherwise contacted the Court about his case since the Complaint was filed.

## II. DISCUSSION

The Court may dismiss an action sua sponte for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S.

at 630-31.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629-30; *see also, e.g.*, *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming sua sponte dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

Plaintiff did not comply with three Court Orders [3], [4], [5], after being warned as many times that failing to do so may lead to the dismissal of his case.  *See* Second and Final Order to Show Cause [5] at 2; Order to Show Cause [4] at 2; Order [3] at 2.  Despite these warnings, Plaintiff has not contacted the Court or taken any action in this case since the Complaint was filed on November 2, 2022.  Given his clear record of delay and contumacious conduct, it is apparent that Plaintiff no longer wishes to pursue this lawsuit.  Under these circumstances, dismissal without prejudice is warranted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute.  A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 10th day of February, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

4